**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT PIKEVILLE**

**CIVIL ACTION NO. 21-72-DLB**

**DELANO CONN**                                                                        **PLAINTIFF**


**v.**                                **MEMORANDUM ORDER**


**WAL-MART STORES EAST, LP**                                              **DEFENDANT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

This is a personal injury action by Plaintiff Delano Conn against Defendant Wal-Mart Stores East, LP ("Walmart") arising from injuries allegedly sustained by Conn inside a Walmart store in Pikeville, Kentucky.  (*See* Doc. # 1-1).  Currently, the matter is before the Court on Defendant's Notice of Removal (Doc. # 1), by which the case was removed from Pike Circuit Court.  Having reviewed the Notice and allegations in the state court Complaint, the Court finds that it lacks subject-matter jurisdiction, and thus orders the case **remanded** to Pike Circuit Court.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

In August 2021, Delano Conn filed the underlying action in Pike Circuit Court against Walmart seeking tort damages from a trip-and-fall accident that occurred while Conn was being sold tires at a Walmart store in Pikeville, Kentucky.  (*See* Doc. # 1-1). The state court Complaint only states that "the Plaintiff's damages exceed the sum of Five Thousand Dollars," which is the jurisdictional minimum amount-in-controversy for Kentucky Circuit Courts under KRS 23A.010 and 24A.120.  (*Id.* ¶ 4).  One month later, Walmart removed the action to this Court, alleging in its Notice of Removal that "[u]pon

1

information and belief, the amount in controversy exceeds $75,000 in damages, exclusive of interests and costs."  (Doc. # 1 at 2).  Walmart also stated in its Notice that Conn had placed no limitation on damages in its state court Complaint, and in the alternate, Walmart requested that Conn agree to disclaim damages in excess of $75,000 if he disputed the amount-in-controversy.  (*Id.*).  In support of that request, Walmart cited a 2001 case from the District of Arizona stating that a plaintiff's refusal to agree to a damages cap of less than $75,000 can prove the amount in controversy.  (*Id.*).  Conn has not moved to remand the case, and no filings have been made by either party since removal in September 2021.

## II.   ANALYSIS

In removing a case to federal court, the defendant bears the burden of showing that the federal court has original jurisdiction over the action.  *Long v. Bando Mfg. of Am.*, 201 F.3d 754, 757 (6th Cir. 2000); *see also* 28 U.S.C. 1441.  The original jurisdiction of federal courts, however, is limited.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Specifically, federal courts have original jurisdiction over only two types of civil actions: (1) those involving federal questions, 28 U.S.C. § 1331; and (2)  those invoking diversity jurisdiction, which are actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000."  28 U.S.C. § 1332(a).  After removal, if the court determines that it lacks subject-matter jurisdiction at any time before the entry of a final judgment, the law necessitates that the court remand the case back to state court.  28 U.S.C. § 1447(c).

This matter is before the Court under purported diversity jurisdiction, which requires a showing of diversity of citizenship between the parties and the $75,000

amount-in-controversy requirement.  28 U.S.C. § 1332(a).  Defendant has demonstrated diversity of citizenship, but the Court finds that the amount-in-controversy requirement is lacking.  With specific respect to evaluating the amount-in-controversy, the Sixth Circuit has held that when the plaintiff seeks an unspecified amount of damages, the Court must consider whether the amount-in-controversy requirement is met by a preponderance of the evidence.  *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 470-71 (6th Cir. 2019) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)).  A removing defendant need not show that the $75,000 threshold is met by a "legal certainty," but "must do more than show a mere possibility that the jurisdictional amount is satisfied. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006) (internal citations omitted).  In other words, the removing party has the burden of showing that it is "more likely than not" that the amount-in-controversy exceeds $75,000.  *Heyman*, 781 F. App'x at 470.  Lastly, all doubts with respect to removal are resolved in favor of remand.  *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 478 (6th Cir. 2014) (internal quotations omitted).

However, in Kentucky, removing defendants are presented with difficulty, as Kentucky's pleading rules do not permit a plaintiff to demand a specific amount of damages in the complaint beyond a recitation that they are in excess of jurisdictional prerequisites.  *See* Ky. R. Civ. P. 8.01(2).  Such a recitation occurred here, as Plaintiff stated in his Complaint that the damages were in excess of $5,000 (Doc. # 1-1 ¶ 4), which is the jurisdictional prerequisite for Kentucky Circuit Courts.  *See* Ky. Rev. Stat. § 23A.010 and 24A.120.  However, despite the known difficulty provided by Kentucky's rules, prospective federal defendants in the Sixth Circuit nonetheless are required to "research,

3

state, and prove the plaintiff's claim for damages" by a preponderance of the evidence. *Heyman*, 781 F. App'x at 471.

Moreover, the amount-in-controversy must be adequately defined by the defendant at the time of removal, as even "jurisdictional discovery" to gather evidence on damages is not permitted. *See May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946 (E.D. Ky. 2010). Ironically, in 2010, this Court explained in a personal injury case arising from the same Walmart store in Pikeville that a "bald averment" stating the amount-in-controversy was insufficient, as "the unspecified nature of [the plaintiff's] claim for damages does not relieve [the defendant] of its obligation to establish federal jurisdiction[.]" *May*, 751 F. Supp. 2d at 948.

Here, the Court sees nothing more than a similarly bald averment by Walmart in its Notice of Removal – that only "upon information and belief," it attests that the amount-in-controversy is greater than $75,000. (Doc. # 1 at 2). Unfortunately, without providing evidence as to the basis for its "information and belief," such a statement does not make it "more likely than not" that the damages are greater than $75,000. Alternately, to the extent that Walmart seeks to argue that Plaintiff's "refusal" to stipulate to seeking less than $75,000 is persuasive (*id.* at n.1), the Court finds that argument unconvincing. To be assistive in removal, a stipulation of damages must be unequivocal. *Heyman*, 781 F. App'x at 470. Walmart's suggestion that a "refusal" to stipulate implies a stipulation in the opposite (Doc. # 1 at n.1) falls far short of unequivocal. Courts have held that these types of implications, "standing alone, are insufficient to justify removal." *See Hacker v. Aetna Life Ins. Co.*, No. 6:18-334-REW-HAI, 2019 WL 638369, at *3 (E.D. Ky. Feb. 13, 2019). Furthermore, Plaintiff has not actually made any stipulation, and Walmart has provided

4

no evidence of his "refusal" to stipulate beyond the assertion that it would request such a stipulation from Plaintiff in the event of remand.  (Doc. # 1 at n.1).

Lastly, the Court notes that in cases where the amount-in-controversy is established, defendants generally undertake a specific calculation of damages to show that the damages exceed $75,000.  *See, e.g.*, *Heyman*, 781 F. App'x at 471; *Petrey v. K. Petroleum, Inc.*, No. 6:07-168-DCR, 2007 WL 2068597, at *3 (E.D. Ky. July 16, 2007). Here, Defendant has undertaken no such calculation, and has provided no evidence in support of the amount-in-controversy.

## III.   CONCLUSION

"Unlike other issues not involving the merits of a case, subject-matter jurisdiction may be raised at any time, by any party, or even sua sponte by the court itself."  *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992).  Unfortunately for Defendant, it has failed to carry its burden of establishing subject-matter jurisdiction, and because "a case is presumed to fall outside a federal court's jurisdiction until a litigant proves otherwise," *May*, 751 F. Supp. 2d at 950, the Court cannot proceed with the action, and it must be remanded for further proceedings.

Accordingly, upon the Court's own motion, **IT IS ORDERED** as follows:

(1)    This matter is **REMANDED** to Pike Circuit Court; and

(2)    This matter is **STRICKEN** from the Court's active docket.

This 2nd day of December, 2021.



Signed By:

*David L. Bunning*

**United States District Judge**

K:\DATA\ORDERS\PikeCivil\2021\21-72 Remand.docx